UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In Re   PLATINUM PARTNERS VALUE
ARBITRAGE FUND L.P. (IN OFFICIAL
LIQUIDATION), *et al.*,

      Debtors in Foreign Proceedings.
---------------------------------------------------------------:
COHNREZNICK LLP,

              Appellant

      v.                                                                  18cv5176 (DLC)

FOREIGN REPRESENTATIVES OF PLATINUM
PARTNERS VALUE ARBITRAGE FUND L.P.,

              Appellees.
---------------------------------------------------------------X

## **OPPOSITION TO MOTION FOR STAY PENDING APPEAL**

The Foreign Representatives of Platinum Partners Value Arbitrage Fund (International) Limited (in Official Liquidation) (the "International Fund"), and of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (the "Master Fund" and together with the International Fund, the "Funds") (collectively, the "Liquidators"), submit this memorandum in opposition to CohnReznick LLP's motion for a stay pending appeal. The Bankruptcy Court (Chapman, U.S.B.J.) concluded that the relevant factors overwhelmingly weighed against a stay. This Court should do the same.

## **BACKGROUND**[1]

The Funds were placed into liquidation by order of the Grand Court of the Cayman Islands in August 2016. In December 2016, the executives who had previously managed the

---

[1] Additional background is set forth in the Bankruptcy Court's memorandum decision ("Mem. Dec.") granting the Liquidators' motion [ECF 72], and its bench ruling denying CohnReznick's motion for a stay. May 23, 2018 Tr. ("May 23 Tr.") 86-104 [ECF 88].

Funds' affairs were indicted by a federal grand jury in Brooklyn on numerous charges arising out of their operation of the Funds. The SEC filed a civil suit against the managers that same day. The Liquidators are officers of the Grand Court empowered to investigate the Funds' affairs, including the causes of the Funds' spectacular billion-dollar collapse.

CohnReznick had been engaged as the Funds' auditors in the two years immediately preceding the collapse. As the Bankruptcy Court found, CohnReznick and its employees are among the most significant witnesses to that collapse, especially because the prior managers are unlikely to cooperate with the Liquidators given their current legal status. CohnReznick's audit workpapers are essential to the Liquidators' investigation.

CohnReznick nevertheless contends that the Bankruptcy Court should not have granted the motion to compel because, in its view: (i) the Liquidators' subpoena circumvents an alleged right to limited discovery under pre-liquidation arbitration agreements between CohnReznick and the Funds; and (ii) the Liquidators allegedly lack power under Cayman law to obtain CohnReznick's work papers. The Bankruptcy Court rejected both contentions on the facts and the law. In denying a stay pending appeal, the Bankruptcy Court further opined that CohnReznick failed to demonstrate even a "substantial possibility" of success on appeal.

The Bankruptcy Court further determined that the Liquidators' ability to timely administer the liquidation of the Funds would be substantially and adversely affected by a stay, especially in light of the pending expiration of certain statutes of limitation. In the Bankruptcy Court's view, the substantial harm to the Liquidators, together with CohnReznick's low chance of success on appeal, and considerations of the public interest, outweigh any "possible harm" to CohnReznick absent a stay. The Bankruptcy Court was being generous. CohnReznick fails to

identify <u>any</u> irreparable injury to it if a stay is denied and <u>all</u> relevant factors weigh against its present motion.

## ARGUMENT

**I.    CohnReznick Fails to Demonstrate Irreparable Injury Absent a Stay.**

A showing of "probable irreparable harm is the principal prerequisite" for the issuance of a stay pending appeal. *ACC Bondholder Grp. v. Adelphia Commc'ns. Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007). CohnReznick fails to establish any irreparable injury for the following reasons:

- Complying with a subpoena requiring the production of <u>non-privileged</u> documents does not constitute irreparable injury. *See, e.g.*, *In re Gushlak*, No. 11–MC–0218 (NGG)(JO), 2012 WL 2564466, at *7 (E.D.N.Y. Jan. 30, 2012); *see also* Opp. Br. at 7 [ECF 80] (citing additional cases). (The order under review does not require the production of privileged documents.) As the Bankruptcy Court found, courts in these circumstances uniformly deny stays of third party discovery in bankruptcy and litigation matters due to the adverse effect such stays necessarily have upon critical timetables.

- *In re Barnet*, cited by CohnReznick, does not establish otherwise. Pending appeal, the Second Circuit stayed the bankruptcy court proceedings in their entirety without explaining the basis for its ruling. And, as the Bankruptcy Court explained, *Barnet* is distinguishable because the validity of the discovery order in that proceeding rested upon the validity of the underlying chapter 15 recognition order, the latter being the issue that was certified to the Second Circuit for review. *See* May 23 Tr. at 15-17, 99-100. The Second Circuit ultimately found that the recognition order was improper. *In re Barnet,* 737 F.3d 238 (2d Cir. 2013).

- Contrary to CohnReznick's claim (June 12, 2018 Letter from James L. Bernard [Doc. 7]), its appeal will not become moot absent a stay. This Court could "still fashion some

sort of meaningful relief," such as ordering the destruction or return of subpoenaed documents. *In re Gushlak*, 2012 WL 2564466, at *7 (quoting *Church of Scientology v. United States,* 506 U.S. 9, 13 (1992)).

- Nor would compliance irreparably harm CohnReznick's alleged arbitration rights. As the Bankruptcy Court determined, there is no pending proceeding or other "dispute, claim or controversy" within the parameters of the pertinent arbitration clauses. Mem. Dec. at 27. That determination is consistent with the conclusion of every other court known to have considered the same issue, including the *Daisytek* court, upon which CohnReznick relies so heavily. *See generally* Opp. Br. at 10-11. An arbitration clause does not immunize a witness from civil discovery, and CohnReznick may well be "the most significant witnesses" to the collapse of the Master Fund. May 23 Tr. at 99.

- CohnReznick's reliance upon arbitration cases in which employees sought to bring labor law class actions against their employers is misplaced. The labor law claims in those cases <u>were</u> subject to arbitration but the arbitration clauses barred class actions. Although the courts denied arbitration, they granted stays pending appeal because, absent a stay, the defendants would have been required to engage in full-blown class action litigation. On the other hand, the harm to plaintiffs (delay) could be remedied by an interest award. *See, e.g.*, *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 643-44 (S.D.N.Y. 2012).[2]

For these reasons among others, CohnReznick fails to demonstrate irreparable injury.[3]

---

[2] CohnReznick previously cited *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264-65 (4th Cir. 2011), in which the court stated that discovery "could alter the nature of the dispute significantly by requiring parties to disclose sensitive information that could have a bearing on the resolution of the matter." Here, there is no pending dispute between CohnReznick and the Liquidators, nor has CohnReznick ever claimed that the subpoena requires the disclosure of "sensitive" information.

[3] CohnReznick also argued that the "time, effort, and resources" to comply with the subpoena "would be squandered" if it were to prevail on appeal. Stay Mem. at 6 [ECF 78]. The contention is risible

## II.     The Liquidators Will Suffer Substantial Injury From a Stay

CohnReznick argued below that "in contrast to" its own "self-evident and specific" injury absent a stay, the Liquidators have not articulated "any concrete (let alone substantial) harm" from a stay. The Bankruptcy Court found, however, that the Liquidators "would in fact suffer substantial injury if a stay were granted." May 23 Tr. at 97.

As the Bankruptcy Court explained at length, a stay would adversely affect the Liquidators' ability to timely administer the liquidation of the Funds, timely conduct their investigation, identify claims, and commence potential lawsuits prior to the expiration of certain statutes of limitations. In particular:

- The Liquidators are facing the "imminent expiration of certain statutes of limitations in November 2018, less than six months away." *Id*. at 98; *see also* Opp. Br. at 9 (discussing 11 U.S.C. § 108(a)(2)).

- "[I]nformation and knowledge which an auditor is likely to have regarding a debtor for which the auditor has worked is essential to the investigation of such debtor's financial affairs." *Id.*[4]

- CohnReznick is "uniquely situated" to provide such information. *Id*. It and its employees are among "the most significant witnesses" to the collapse, which involved more than one billion dollars in as-valued assets audited by CohnReznick in the two years preceding the Master Fund's collapse, and its internal impressions are "directly material" to the investigations *Id*. at 99. The Master Fund Liquidators pointed to a specific ongoing investigation concerning an

---

given its failure even to support its prior objection that compliance would be unduly burdensome. The Bankruptcy Court overruled the objection. Mem. Dec. at 23, 28.

[4]     *See also* Mem. Dec. at 27 (citing *In re Hughes*, 281 B.R. 224, 229 (Bankr. S.D.N.Y. 2002)); *In re GHR Companies, Inc.*, 41 B.R. 655, 663-64 (Bankr. D. Mass. 1984); *In re S3 Ltd.*, 242 B.R. 872, 875-76 (Bankr. E.D. Va. 1999); *In re Kroh*, 80 B.R. 488, 491 (Bankr. W.D. Mo. 1987); *Peat, Marwick, Mitchell & Co. v. Creditor's Comm. of Ne. Dairy Co-op. Fed'n, Inc.*, 65 B.R. 886, 887-88 (N.D.N.Y. 1986).

insider transaction involving an asset with a value of up to $300M that closed the day after the arrest of one of Platinum principals, Murray Huberfeld. [*See* ECF 68.] They also referenced other similar investigations and potential third party litigation that cannot be disclosed at this time.

- The Liquidators' need for such discovery is heightened by the "anticipated lack of cooperation from the Funds' officers," who remain under federal indictment in connection with the Funds' activities and who have asserted their Fifth Amendment rights against self-incrimination when questioned concerning Platinum-related matters. *Id*. at 89, 99; *see also* Mem. Dec. at 3, 28.

In sum, the Liquidators plainly "bear the risk of more serious harm than [CohnReznick] if a stay were issued." *In re Roz Trading,* No. 1:06-CV-02305-WSD, 2007 WL 120844, at *3 (N.D. Ga. Jan. 11, 2007).

## III.   CohnReznick Fails to Show a Substantial Possibility of Success on Appeal

Given its extremely weak showing with respect to injury, CohnReznick should have an especially heavy burden on likelihood of success. But as the Bankruptcy Court concluded, it fails to show even a "substantial possibility" of success. That conclusion is correct.

### A.   CohnReznick's Arbitration Clause Arguments Fail.

CohnReznick frames the issue on appeal as whether the Liquidators' "effort to take broad discovery to investigate potential claims against CohnReznick" violates the Funds' alleged "contractual obligation to arbitrate such claims under rules providing only for limited discovery." Stay Mem. at 1. The question misstates the nature of the Liquidators' investigation, the purposes of the subpoena, the scope of the arbitration clause, and the scope of discovery under the

applicable arbitration rules.[5]

The subpoena at issue here is an investigative subpoena aimed at providing the Liquidators with necessary historic, financial information about the entities they are charged with liquidating. While information disclosed under the subpoena may also provide support for claims that result in recoveries for the liquidation estates, the subpoena itself is not directed at any particular claim or prospective defendant. In this circumstance, the Liquidators are in the same position as trustees appointed under other chapters of the Bankruptcy Code, and persons such as CohnReznick are protected by the "pending proceeding" rule. *See* Mem. Dec. at 10-11.[6]

Accordingly, the Bankruptcy Court properly rejected CohnReznick's claim that the subpoena is "designed to gain an unfair advantage in the later arbitration." May 23 Tr. at 97-98 (finding no basis for the allegation). The Bankruptcy Court also properly rejected CohnReznick's characterization of the subpoena as a "broad fishing expedition." Mem. Dec. 23. Nor do the arbitration clauses provide for "limited discovery." *See* Opp. Br. at 10 n.9.

In all events, the subpoena does not implicate any rights under the arbitration agreements. As the Bankruptcy Court found, a subpoena is a discovery device, not a "dispute, controversy or claim" within the contemplation of the CohnReznick arbitration clauses. Even the one case upon which CohnReznick chiefly relies, *In re Daisytek, Inc.*, 323 B.R. 180, 187 (N.D. Tex. 2005), reached that conclusion. So has every other court that considered the issue.[7] CohnReznick has virtually no chance of prevailing on appeal on this issue.

---

[5] The Bankruptcy Court opined that CohnReznick misstates the issues on appeal. May 23 Tr. at 102 (citing CohnReznick's designation [ECF 79]).

[6] Cases concerning discovery in aid of arbitration (Reply at 8 [ECF 82]) are inapposite because they involve pending proceedings. And unlike *McIntire v. China MediaExpress Holdings, Inc.*, 252 F. Supp. 3d 328 (S.D.N.Y. 2017), discovery here is expressly authorized under 11 U.S.C. § 1521(a)(4).

[7] *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 630 (Bankr. D. Del. 2016); *In re New Century TRS Holdings*, 407 B.R. 558, 571 (Bankr. D. Del. 2009); *In re Friedman's, Inc.*, 356 B.R. 779, 785 (Bankr. S.D. Ga. 2005).

CohnReznick instead argues, on the basis of *Daisytek*, that the Bankruptcy Court should have considered "the nature of the proceedings that could ultimately flow from the information obtained through the bankruptcy discovery process." Stay Mem. at 9-10. But that approach finds no support even within the case upon which the *Daisytek* court relied, *In re Nat'l Gypsum Co.*, 118 F.3d 1056 (5th Cir. 1997). Other courts have rejected the *Daisytek* court's flawed approach for that reason. *See, e.g., Friedman's*, 356 B.R. at 784.

Even if the arbitration clause were triggered, CohnReznick cannot establish that the Bankruptcy Court abused its discretion in granting the motion to compel. The Bankruptcy Court explained that "[o]ne of the significant objectives of chapter 15 is to provide judicial assistance to foreign representatives in gathering information which will enable them to comply with their duties," and that it "would be at cross purposes with this objective, in the context of a foreign representative's application seeking discovery pursuant to section 1521, to interpret an arbitration clause so broadly that it eliminates this right." Mem. Op. at 26. The Bankruptcy Court did not "incorrectly prefer[] the Bankruptcy Code to the FAA by permitting the Liquidators to avoid the limitations of arbitration to which the Funds agreed." Stay Mem. at 9.

**B.      CohnReznick's Cayman Law Arguments Fail.**

For the following reasons, among others, CohnReznick also has no substantial possibility of success with respect to "whether the limitations on the Liquidators' foreign law powers should be considered by a chapter 15 court on a request for discovery pursuant to 11 U.S.C. § 1521(a), and, if so, whether the Liquidators' request here exceeded those limited powers." Stay Mem. at 1.

- There is no foreign discoverability requirement in chapter 15. Discovery under chapter 15 is governed by a U.S. statute, 11 U.S.C. § 1521(a)(4), not foreign law. *See In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 471 B.R. 342 (Bankr. S.D.N.Y. 2012).

8

- Even if there were, the Bankruptcy Court properly found that Cayman courts "are in fact receptive to evidence obtained through U.S. discovery procedures, even if such evidence may not be discoverable under Cayman law." Mem. Dec. at 19.[8] The Reynolds declaration [ECF 60], submitted by CohnReznick, only addresses the relief available *from a Cayman court*, and even in that respect the evidence is inconclusive. If foreign law were relevant, CohnReznick would have to submit authoritative proof that Cayman courts are hostile to such evidence. The Reynolds declaration says nothing in that respect.

- *In re Bd. of Dirs. of Hopewell*, 258 B.R. 580 (Bankr. S.D.N.Y. 2001), does not stand for the proposition that discovery under chapter 15 (or former § 304, for that matter) is or should be restricted to that permitted under the law of the liquidators' home jurisdiction. *See In re Hughes*, 281 B.R. 224, 227 (Bankr. S.D.N.Y. 2002). As recognized in *Hughes*, *Hopewell* "is quite distinguishable, and was based on a very different set of facts." *Id*.

- Indeed, as Judge Gropper, the author of *Hopewell*, later observed, *Hopewell* fundamentally reflects application of the "pending proceeding" rule, not a foreign discoverability requirement. *See Millennium Glob.*, 471 B.R. at 347-48 (comparing *Hughes* and *Hopewell*).

- CohnReznick argued that the Bankruptcy Court improperly placed upon it the burden of demonstrating foreign law. The burden was on CohnReznick to demonstrate why a subpoena for information squarely within the scope of 11 U.S.C. § 1521(a)(4) should not be enforced. Even so, with respect to Cayman law, the Bankruptcy Court considered all evidence submitted by the parties without placing a "burden of proof" upon either side.

In sum, because the Bankruptcy Court correctly determined that Cayman law "neither

---

[8] Indeed, recognizing the weakness of its Cayman law argument, which was its primary argument in opposition to the motion to compel, it chose to make the arbitration argument its primary argument in seeking a stay, a switch that did not escape the Bankruptcy Court's notice. *See* May 23 Tr. at 29-30.

prohibits nor is hostile to the discovery sought here under U.S. law," Mem. Dec. at 20, CohnReznick fails to demonstrate a substantial possibility of success on appeal.

## IV. The Public Interest Supports Denial of the Requested Stay

CohnReznick argues that compliance with the subpoena "could effectively preclude appellate review by an Article III court of the significant legal and policy issues present here." Stay Mem. at 19. As discussed above, however, the absence of a stay would not moot the appeal.

Even were it otherwise, as the Bankruptcy Court recognized, the public interest in resolving appeals should be balanced against the "competing 'public interest in the expeditious administration of bankruptcy cases which [is] impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate.'" May 23 Tr. at 103 (quoting *In re Metiom, Inc.*, 318 B.R. 263, 272 (S.D.N.Y. 2004)). Here, the public interest "is best served by requiring compliance with the discovery order and permitting the Liquidators to continue their investigation unfettered so that they may pursue timely claims on behalf of creditors of the funds prior to the running of applicable statutes of limitations." *Id*. at 103-04.

## CONCLUSION

For the reasons discussed above, and as the Bankruptcy Court found, CohnReznick is not entitled to a stay pending appeal and, accordingly, its motion for a stay should be denied.

| **LEWIS BAACH KAUFFMAN MIDDLEMISS PLLC** | **HOLLAND & KNIGHT LLP** |
|---|---|
| By: /s/ Jack B. Gordon<br>    Jack B. Gordon<br>    Bruce R. Grace<br>1899 Pennsylvania Ave., NW, Suite 600<br>Washington, DC 20006<br>(202) 833-8900<br>*Attorneys for the Foreign Representatives of the International Fund* | By: /s/ Warren E. Gluck<br>    Warren E. Gluck, Esq.<br>    Barbara R. Parlin, Esq.<br>31 West 52nd Street<br>New York, New York 10019<br>(212) 513-3200<br>*Attorneys for the Foreign Representatives of the Master Fund* |

Dated:   June 18, 2018